## DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN CHRISTINE MONICA, | Civil Action No. 06-cv-281 (PGS) |
| Plaintiff, | |
| v. | |
| MBNA AMERICA BANK, N.A., | |
| Defendant. | |
| MBNA AMERICA BANK, N.A., | Civil Action No. 06-cv-761 (PGS) |
| Plaintiff, | **OPINION** |
| v. | |
| ANN CHRISTINE MONICA | |
| Defendant. | |

**SHERIDAN, U.S.D.J.**

The above cases were consolidated by Order of the Hon. William Martini on March 9, 2006. Rather than answering in the federal suit, defendant MBNA moves to dismiss for lack of jurisdiction and for failure to state a claim (Fed. R. Civ. P. 12(b)(1) and (6)), and to remand the state suit back to the Superior Court of New Jersey. Meanwhile, plaintiff Monica crossmoves to vacate the arbitration award. Monica has also moved to extend her time to file an Answer and Counterclaim to the Complaint filed by MBNA in the Superior Court of New Jersey which was removed and consolidated herein.

Facts

The facts are relatively straightforward but for several procedural twists. In February 1998, Plaintiff Pro Se, Ann Christine Monica, Esq. ("Monica" or "Plaintiff"), opened a credit card account with defendant, MBNA America Bank, N.A. (the "Defendant" or "MBNA"). Monica's recollection is that the original MBNA credit card agreement did not provide for binding arbitration in the event a dispute arose. MBNA does not appear to dispute this fact. Rather, MBNA asserts that an amendment to the original cardmember agreement was enclosed in the December 1999 monthly statement to all MBNA cardholders including Monica. This amendment became effective unless the cardholder objected within a short period of time. Monica counters that she does not recall receiving such an amendment to the Agreement; and if she had known, she would have objected to the provision.

The amendment contained a provision called the "arbitration and litigation" clause. The clause provided for binding arbitration of all disputes, and they were to be referred to the National Arbitration Forum ("NAF") for hearing.

At some point in July 2004, Monica received a letter from MBNA stating that her account was approximately $31,000 in arrears and payment was demanded. Immediately thereafter, Monica sent a notice of billing error to MBNA. Evidently, MBNA did not respond or explain the charges to Monica as her letter allegedly requested. In March 2005, MBNA filed an arbitration claim with NAF as the amendment to the agreement dictated. Monica objected to the arbitration proceeding because no agreement to arbitrate was ever knowingly entered by her. Despite her protestations, the arbitration continued. In June 2005, without any findings with regard to the validity of the

"arbitration and litigation" clause, the arbitrator awarded MBNA its claimed amount plus interest, costs and fees (about $39,000).

On September 23, 2005, MBNA filed suit in New Jersey Superior Court to enforce the arbitration award ("NJ suit").

In October 2005, the arbitrator denied Monica's request for reconsideration. At about the same time, MBNA reported the alleged debt to several major credit reporting companies as "Charged Off, Bad Debt." Monica wrote to the companies demanding that the reporting agencies change their notation on her report to reflect that the "claim is disputed". They declined to do same, which allegedly has caused injury to Monica's reputation, and her ability to obtain credit.

On January 20, 2006, Monica filed suit in this Court alleging violations of the Federal Arbitration Act (9 USCA §1 et seq.). At some point, the Complaint was amended to include allegations that MBNA violated the Fair Credit Reporting Act (15 USCA §1681 et seq.) and the Fair Credit Billing Act (15 USCA §1666 et seq.). Simultaneously, Monica removed the New Jersey suit to this Court. As stated above, these cases have been consolidated.

A.  Rule 12(b)(6) Motion

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that

person will ultimately prevail. *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir.), cert. denied, *Forbes v. Semerenko,* 531 U.S. 1149, 121 S.Ct. 1091 (2001). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, *Fed. Practice & Procedure*: Civil 2d § 1357 at 340).

The Court may consider the allegations of the Complaint, as well as documents attached to or specifically referenced in the Complaint, and matters of public record. *See, Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, *Fed. Practice & Procedure*: Civil 2d § 1357. "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Id.* (quoting *Shaw v Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). At this point, Monica, an attorney of the State of New Jersey, has certified that to the best of her recollection that she did not receive an amendment to the original credit card agreement, and she did not specifically agree to the Arbitration and Litigation Clause. Based on these facts alone, and all reasonable inferences which may be drawn therefrom, this Court concludes that a prima facie cause of action has been set forth with regard to the validity of the arbitration. Accordingly, the Rule 12(b)(6) motion is denied.

B.     Rule 12(b)(1) Motion

Defendant contends that the matter must be dismissed for lack of jurisdiction for two reasons. There is (a) a lack of diversity pursuant to 28 USCA §1332, and (b) the Federal Arbitration Act does

not confer subject matter jurisdiction on the federal courts. This Court need not decide these arguments because plaintiff alleges other federal causes of action pursuant to the Fair Credit Reporting Act and the Fair Credit Billing Act. These statutes are briefly discussed below.

    (1)    <u>Fair Credit Billing Act (FCBA) 15 U.S.C. §1666(A)</u>

The Fair Credit Billing Act, part of the Truth in Lending Act (15 U.S.C.A. §1601 et seq.), was designed by Congress to protect consumers from inaccurate and unfair credit practices. *Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475 (5th Cir. 1995). The FCBA requires a creditor to correspond with a consumer and resolve billing differences in certain instances. *Pinner v. Schmidt*, 805 F.2d 1258, 1264 (5th Cir.), cert. denied, 483 U.S. 1022, 107 S.Ct. 3267 (1987). The creditor's duties are triggered by its receipt of written notice in which the consumer states his or her name and the relevant account number, his or her belief that the statement contains a billing error, the reasons for his or her belief, and the amount of the error. *See,* 15 U.S.C. §§1666(a)(1), (2), and (3); *Conn-Burnstein v. Saks Fifth Ave. & Co.*, 85 Fed. Appx. 430, 431 (6th Cir. 2003). Upon receipt of this notice, the creditor must: (1) send a written acknowledgment that it has received the notice; and (2) investigate the matter and either (a) make appropriate corrections in the consumer's account or, (b) before making any attempt to collect the disputed amount, send a written explanation of its belief that the original statement was correct. *See, American Express Co., v. Koerner*, 452 U.S. 233, 235-37 (1981). A creditor that fails to comply with Section 1666(a) forfeits its right to collect the first $50 of the disputed amount including finance charges, and may be held liable to the consumer. 15 U.S.C. §1666(e); *Vrlaku v. Citibank*, 2005 WL 2338852 (D.N.J. 2005); *Gray v. American Express Co.*, 743 F.2d 10, 13-14 (D.C. Cir. 1984).

Monica alleges in the Amended Complaint that she disputed the charges in question in writing as required pursuant to statute. She further alleges that MBNA's failure to report the account to credit bureaus as "disputed" rather than "Charged Off, Bad Debt," is violative of §1666(a) of the FCBA. Based on same, the Complaint sufficiently sets forth a cause of action pursuant to FCBA. Pursuant to statute, this Court has jurisdiction over claims arising under FCBA.

(2) Fair Credit Reporting Act (FCRA) 15 U.S.C.A. §1681

The Fair Credit Reporting Act is intended to protect consumers and to prevent the circulation of inaccurate information. *Roseman v. Retail Credit Co.*, Inc., 428 F.Supp. 643 (E.D.Pa.1977). The FCRA proscribes certain conduct pertaining to the reporting of consumer credit information, and creates liability for willful non-compliance (15 U.S.C. §1681n)(15 U.S.C. §1681o). Plaintiff claims relief pursuant to 15 U.S.C. §1681s-2, which contains two proscriptions. First, section 1681s-2(a) imposes several obligations upon MBNA to furnish accurate information to consumer reporting agencies; and subsection (2b) imposes a duty upon MBNA to verify the sufficiency and accuracy of the furnished information when the consumer reporting agency is notified by the person of a dispute. Pursuant to Section 1681s-2(b), the statute may be enforced by way of a private right of action. *Ryder v. Washington Mutual Bank*, 371 F.Supp.2d 152, 153-154 (D.Conn. 2005).

Plaintiff's Complaint is sufficient since it contends that defendant's conduct in verifying the arbitration award to TransUnion and Equifax, in face of plaintiff's dispute notices was inappropriate and in violation of FCRA.

In short, both FCRA and FCBA provide a solid basis for jurisdiction in this matter. Accordingly, the motion to dismiss pursuant to Rule 12(b)(1) is denied.

C.      <u>Motion to Remand</u>

The Defendants present a credible argument for remanding the arbitration award to the Superior Court of New Jersey. Defendant argues that the Federal Arbitration Act (9 USCA §1 et seq.) does not necessarily confer subject matter jurisdiction on this Court over the arbitration award. Since the remedies under FCRA and FCBA are separate and distinct from the enforcement of the arbitration award, the two suits are essentially independent of one another. However, in terms of judicial economy and efficiency it would be unwise to bifurcate the proceedings. This is the precise reason Congress conferred supplemental jurisdiction on federal courts in such cases. 28 U.S.C.A. §1367(a); *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185 (3d Cir. 1996). That section provides, in relevant part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (emphasis added). This statute applies to this case.

The motion to remand is denied.

D.      <u>Motion to Vacate Arbitration Award</u>

The motion to vacate the arbitration award is premature. Suffice it to say there are many thorny legal issues, and a host of factual issues surrounding the underlying debt and arbitration proceedings which preclude such relief at this early state of litigation.[1]

---

[1] The Court notes that the motion to vacate the arbitration award appears to be untimely under Section 12 of the Federal Arbitration Act; but the issue was neither presented to the court nor briefed by the parties, so the court makes no determination regarding same. See, *Jeereddi A. Prasad, M.D., Inc. v. Investors Associates, Inc.*, 82 F.Supp.2d 365, 367 (D.N.J. 2000).

E.        <u>Motion to Extend Time to Answer</u>

In light of the decision to retain jurisdiction of MBNA's Complaint, this Court will entertain Monica's Motion to Extend Time to Answer the Complaint.  Monica's Motion to Extend Time to Answer is Granted pursuant to L. Civ. R. 6.1.

In summary, MBNA's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and motion to remand are Denied.  The motion to vacate the arbitration award, filed by Monica, is Denied.  Monica's motion to extend time to answer is Granted and she is afforded 20 days from the date of this decision to file responsive pleadings.


                                                            S/ *Peter G. Sheridan*
July 19, 2006                                              PETER G. SHERIDAN, U.S.D.J.